25 F.3d 1037
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Plaintiff, Appellee,
v.
Thomas FIGUEROA, Defendant, Appellant.
 No. 93-2150
 United States Court of Appeals,
First Circuit.
 June 10, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. A. David Mazzone, Senior U.S. District Judge ]
 Thomas Figueroa on brief pro se.
 Donald K. Stern, United States Attorney, and Dina Michael Chaitowitz, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Selya and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Thomas Figueroa appeals pro se from the denial of his motion under 28 U.S.C. Sec. 2255 to vacate, set aside, or correct his sentence. Following his conviction for conspiracy and attempt to possess with intent to distribute 500 or more grams of cocaine, petitioner received a prison term of 97 months. This court thereafter affirmed his conviction and his sentence. United States v. Figueroa, 976 F.2d 1446 (1st Cir. 1992), cert. denied, 113 S. Ct. 1346 (1993). Petitioner now raises three issues, two relating to his sentence and a third involving his underlying conviction.
 
 
 2
 He first contends that the district court improperly calculated the quantity of cocaine for which he was responsible for purposes of sentencing. We rejected this identical contention on direct appeal, see id. at 1460-61, and so will not revisit the issue here. See, e.g., Barrett v. United States, 965 F.2d 1184, 1190 n. 11 (1st Cir. 1992) (issues decided on direct appeal will not be reviewed again by way of Sec. 2255 motion).
 
 
 3
 Petitioner's second claim involves the determination as to his role in the offense. The court reduced his offense level by two levels on the ground that he was a "minor" participant under U.S.S.G. Sec. 3B1.2(b). Petitioner now asserts that the court was clearly erroneous in declining to impose a four-level reduction under Sec. 3B1.2(a) for "minimal" participation, or alternatively that his counsel was ineffective in failing to seek such a reduction. He contends in this regard that his alcoholism was so disabling during the relevant period that he was incapable of anything more than tangential involvement in the conspiracy. To the contrary, the evidence of petitioner's participation-as revealed especially in two recorded telephone conversations he had with the government informant and as otherwise described in our earlier opinion-demonstrates that his role was more considerable than he suggests. We also note that counsel did, in fact, initially propose that a four-level reduction be applied. We find no clear error on the part of the court, and no substandard performance on the part of counsel.
 
 
 4
 Petitioner's final argument is difficult to decipher. To the extent he is alleging "sentencing factor manipulation," see, e.g., United States v. Brewster, 1 F.3d 51, 55 (1st Cir. 1993), as the district court assumed, we reject such claim for the reasons recited in the recent appeal of a codefendant. See Figueroa v. United States, 19 F.3d 7, No. 93-2028, slip op. at 3-4 (1st Cir. 1994) (table). To the extent he is alleging governmental entrapment (or ineffective assistance for failure to pursue such a defense), it suffices to note that the record utterly belies any suggestion of "government inducement" or "lack of predisposition." United States v. Gifford, 17 F.3d 462, 468 (1st Cir. 1994) (citing Jacobson v. United States, 112 S. Ct. 1535 (1992)). Indeed, the two recorded conversations by themselves demonstrate that petitioner was anything but a reluctant participant. To the extent he is arguing that counsel improperly dissuaded him from testifying, we observe that petitioner personally disclaimed any interest in doing so in response to inquiries from the court. See, e.g., Lema v. United States, 987 F.2d 48, 52-53 (1st Cir. 1993) (evidence that petitioner "knowingly and voluntarily" waived right to testify defeated ineffective assistance claim). And to the extent he is seeking to vacate his conviction due to newly discovered evidence, we reject the claim on the grounds that it was not advanced below and is in any event entirely conclusory.
 
 
 5
 Finally, as each of petitioner's claims (where possessing the requisite factual specificity) was subject to refutation on the basis of the existing record, the court was justified in dismissing the petition without a hearing. See, e.g., United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993).
 
 
 6
 Affirmed.